IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Janie S.Y., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 21-cv-50428 |
| v. | ) |
| | ) Magistrate Judge Margaret J. Schneider |
| Carolyn W. Colvin[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Janie S.Y. ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits. The parties have filed cross motions for summary judgment [13, 17]. For the reasons set forth below, Plaintiff's motion is granted, and the Commissioner's motion is denied. The final decision of the Commissioner denying benefits is remanded.

**BACKGROUND**

**A. Procedural History**

Plaintiff protectively filed for disability insurance benefits and supplemental security income on June 10, 2019. R. 234. This application alleged a disability beginning on November 9, 2018, which was amended to July 1, 2019, during the hearing before the Administrative Law Judge ("ALJ"). R. 236, 39. The Commissioner denied her application on November 12, 2019, and upon reconsideration on March 24, 2020. R. 143, 151. Plaintiff filed a written request for a hearing on March 31, 2020. R. 161. On November 23, 2020, a hearing was held by ALJ Lana Johnson where Plaintiff appeared and testified. R. 33. Plaintiff was represented by counsel. *Id.* Dr. Michael Carney, an impartial medical expert, and Tobey C. Andre, an impartial vocational expert ("VE"), also appeared and testified. *Id.*

On January 27, 2021, the ALJ issued her written opinion denying Plaintiff's claim for disability insurance benefits and supplemental security income. R. 16-27. Plaintiff appealed the decision to the Appeals Council, which was denied on August 10, 2021. R. 406Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [6]. Now before the Court are

---

[1] Martin O'Malley resigned as Commissioner of the Social Security Administration on November 29, 2024, and Carolyn W. Colvin has been named as Acting Commissioner. Carolyn W. Colvin is thus substituted for Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d).

1

Plaintiff's motion for summary judgment [13], the Commissioner's motion for summary judgment and response to Plaintiff's brief [17], and Plaintiff's reply [18].

### B. The ALJ's Decision

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the amended alleged onset date of July 1, 2019. R. 19. At step two, the ALJ found Plaintiff had the following severe impairments: borderline personality disorder, major depressive disorder, bipolar I disorder, and generalized anxiety disorder. *Id.* The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.*

Before step four, the ALJ found Plaintiff had a residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following limitations: only understand, remember, and carryout simple routine instructions; not able to meet fast paced hourly production goals and no fast paced work at all, but able to meet end of day goals; and able to tolerate occasional interaction with supervisors and the public. R. 21. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 25. However, at step five, the ALJ found, in reliance on the VE's testimony, that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. R. 26. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from the original onset date of November 9, 2018, through the date of the decision, January 27, 2021. *Id.*

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the

evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ's reliance on the VE's testimony conflicts with SSR 00-4p; (2) the ALJ improperly conducted her analysis of the medical opinions; and (3) the ALJ erred in her evaluation of Plaintiff's subjective symptoms. As detailed below, the Court finds that there is an apparent conflict with SSR 00-4p that requires remand because the Court finds that the ALJ's decision at step five is not supported by substantial evidence.

In arguing that there is a conflict with SSR 00-4p, Plaintiff explains that based on the RFC found by the ALJ, she would be unable to complete the required training for each of the three jobs proposed by the VE. The Commissioner responds that Plaintiff misrepresents the VE's testimony and, even if Plaintiff's representation were true, an inability to complete a job training period does not necessitate a finding of disability.

At step five of the sequential analysis, the Commissioner has the burden of proving that Plaintiff "can successfully perform a significant number of jobs that exist in the national economy." *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). As part of the RFC determination, the ALJ found that Plaintiff could handle only "occasional interaction with supervisors and the public." R. 21. According to the Social Security Administration, the term occasionally means these interactions can "exist[] up to one-third of the time." Program Operations Manual System, DI 25001.001 Medical and Vocational Quick Reference Guide, https://secure.ssa.gov/apps10/poms.nsf/lnx/0425001001. The VE explained in her hearing testimony that the jobs proposed at step five "take 30 days or less to learn" and Plaintiff would not be allowed to respond inappropriately to supervisors two-thirds of the time. R. 79. Given this testimony, it is unclear if the jobs proposed by the VE would require contact with supervisors for more than one-third of the workday during the training period. As the Commissioner has the burden at step five, the Court finds that the ALJ failed to support with substantial evidence her conclusion that Plaintiff could perform the jobs of laundry laborer, package crimper, and racker.

Plaintiff's ability to complete a probationary period is relevant to her ability to perform a job. Although the Seventh Circuit has not opined on this issue, courts both in this circuit and across the country have agreed that "[t]he ability to complete a probationary period is [] tantamount to the ability to keep a job." *Sczepanski v. Saul*, 946 F.3d 152, 159 (2nd Cir. 2020); *see also Kenneth P. V. Saul*, 2019 WL 6463449, at *6-7 (S.D. Ind. Dec. 2, 2019) (holding that applying the RFC to probationary periods "is the very purpose of the disability inquiry); *Adam C. v. Saul*, 2019 WL 6130815, at *3 (N.D. Ill. Nov. 19, 2019) ("a person who cannot complete the training period for a job cannot perform that job"). This Court agrees that the ability to maintain a job first requires the ability to complete the training period for that job.

The Court does not, however, at this stage, reach the issue as to whether an RFC limiting interactions with supervisors would inherently preclude all work if available jobs require training with supervisor contact, a proposition that some courts have rejected as "untenable." *See Hemby*

3

*v. Berryhill*, 2017 WL 951785, at *11, citing *Wright v. Comm'r of Soc. Sec.*, 2013 WL 3873947, at *15 (N.D. Ohio Jul. 25, 2013). The VE testified that all the jobs she provided had a training period of "30 days or less" but at no point did she testify that *all* potential jobs have a training period involving more frequent supervisor contact. R. 79. In fact, all the jobs provided were specific vocational preparation ("SVP") level 2 requiring training up to a month whereas SVP level 1 jobs would require a "[s]hort demonstration only." Program Operations Manual System, DI 25001.001 Medical and Vocational Quick Reference Guide, https://secure.ssa.gov/apps10/poms.nsf/lnx/0425001001. It is possible that on remand, VE testimony may flesh out these issues in a way that demonstrates ways in which there are jobs available at step five that Plaintiff can perform and be trained for. "[T]he very purpose of the disability inquiry" is to find if a claimant's limitations show them to be disabled. *Kenneth P.*, 2019 WL 6463449, at *7. Simply dismissing part of this inquiry to avoid a finding of disability goes against that purpose.

Therefore, the Court disagrees with Plaintiff that the VE's testimony creates no room for any finding other than that of disability and will not award benefits at this stage. Unlike the VE in *Potrebic*, the VE here made no broad declaration that "if [the RFC] is going to apply to the training period then there would be no jobs." *Potrebic v. Berryhill*, 2019 WL 1397477, at *2 (N.D. Ind. March 27, 2019) (internal quotations omitted). In fact, the relevant parts of the VE's testimony simply explained that the proposed jobs could require up to 30 days to learn and that people doing those jobs would not be permitted to respond inappropriately to supervisors two-thirds of the time. R. 79. As discussed above, none of this convinces this Court that Plaintiff would be unable to do *any* jobs or even necessarily that Plaintiff would be unable to do the jobs proposed by the VE. In remanding, this Court is simply finding that the Commissioner has not met the burden of proving that Plaintiff can successfully perform a significant number of jobs that exist in the national economy.

In remanding this case, the Court is not opining that Plaintiff is disabled, only that the ALJ's decision at step 5 was not adequately supported. Plaintiff has raised other arguments, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion for summary judgment is denied. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this opinion. Final judgment will be entered accordingly.

Date: January 8, 2025   Enter: *Margaret J. Schneider*
United States Magistrate Judge

4